UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED APR 1 7 2012
```

-----------------------------------------X
                           :
LATISA SOLER, a/k/a                  :
LATISA MAY CHRISTOPHER,        :
                           :    11 Civ. 7666 (KBF)
               Plaintiff,   :
                           :    MEMORANDUM OPINION
          -v-              :       & ORDER
                           :
MAERSK LINE, LTD.,           :
                           :
               Defendant.   :
                           :
-----------------------------------------X

KATHERINE B. FORREST, District Judge:

      Plaintiff Latisa Soler ("plaintiff") brings this admiralty action under the Jones Act, 46 U.S.C. §§ 30104 et seq., to recover damages arising from an injury she allegedly suffered while employed on the USNS IMPECCABLE.  On March 2, 2012, defendant Maersk Line, Limited ("defendant" or "Maersk") moved for summary judgment on the basis that the Jones Act provides a seaman with a right to recovery only against their employer and, at the time of plaintiff's employment aboard the USNS IMPECCABLE, Maersk was not plaintiff's employer for purposes of the Jones Act.  For the reasons set forth below, Maersk's motion for summary judgment is GRANTED.

      BACKGROUND

      The following facts are undisputed.  The USNS IMPECCABLE is owned by the Military Sealift Command, an agency of the United

States government.  (Def.'s Rule 56.1 Stmt ¶ 1.)  Maersk,

pursuant to a General Agency Agreement with the Military Sealift

Command, operated the USNS IMPECCABLE as its general agent at

the time of plaintiff's employment.  (Id. ¶¶ 2, 5.)  The General

Agency Agreement states that the USNS IMPECCABLE is a "public

vessel[] of the United States Government under the operational

and administrative control of the Commander, Military Sealift

Command."  (Fennig Decl. Ex. A at 18.)  The USNS IMPECCABLE's

mission at all relevant times was to "provide[] an ocean

surveillance platform . . . in support of the Navy's ability to

detect, monitor and track global submarine movements."  (Id.;

Def.'s Rule 56.1 Stmt ¶ 5.)  When employed on the vessel,

plaintiff was paid by Maersk.  (Wertheimer Decl. Ex. 2.)  She

also received a Certificate of Discharge that stated that Maersk

was her employer.  (Id. Ex. 1).

DISCUSSION

    I.   Standard of Review

Summary judgment may not be granted unless all of the

submissions taken together "show that there is no genuine issue

as to any material fact and that the movant is entitled to

judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The

moving party bears the burden of demonstrating "the absence of a

genuine issue of material fact."  Celotex Corp. v. Catrett, 477

U.S. 317, 323 (1986).  In making that determination, the court must "construe all evidence in the light most favorable to the nonmoving party, drawing all inferences and resolving all ambiguities in its favor."  Dickerson v. Napolitano, 604 F.3d 732, 740 (2d Cir. 2010).

Once the moving party has asserted facts showing that the non-movant's claims cannot be sustained, the opposing party must "set out specific facts showing a genuine issue for trial," and cannot "rely merely on allegations or denials" contained in the pleadings.  Fed. R. Civ. P. 56(e).  See also Wright v. Goord, 554 F.3d 255, 266 (2d Cir. 2009).  "A party may not rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment," as "[m]ere conclusory allegations or denials cannot by themselves create a genuine issue of material fact where none would otherwise exist."  Hicks v. Baines, 593 F.3d 159, 166 (2d Cir. 2010) (citation omitted).  Only disputes over material facts--i.e., "facts that might affect the outcome of the suit under the governing law"--will properly preclude the entry of summary judgment.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  See also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986) (stating that the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts").

## II.   Jones Act

Maersk argues that it is entitled to summary judgment because it is not plaintiff's "employer" for purposes of the Jones Act.  The Jones Act provides, in part, that "A seaman injured in the course of employment or, if the seaman dies from the injury, the personal representative of the seaman may elect to bring a civil action at law, with the right of trial by jury, against the employer."  46 U.S.C. § 30104(a).  As the Second Circuit has stated:

> There has never been any question that the Jones Act applies only between employees and their employers, and the Supreme Court made explicit in Cosmopolitan Shipping Co. v. McAllister, 337 U.S. 783, 791, 69 S. Ct. 1317, 93 L. Ed. 1692 (1949), that only one person, be it an individual or a corporation, could be sued as the employer . . . .  An action for maintenance and cure can also be maintained only against the employer because the right arises out of and is implied in the contract of employment.

Mahramas v. Am. Exp. Isbrandtsen Lines, Inc., 475 F.2d 165, 170 (2d Cir. 1973) (citations omitted).  The Supreme Court in Cosmopolitan Shipping held that the general agent of a ship is not liable to seamen who suffer physical injury as a result of the negligence of the officers or crew of a vessel owned by the United Sates.  Cosmopolitan Shipping, 337 U.S. 783, 800-01.  See also Hanlon v. Waterman Steamship Corp., 265 F.2d 206, 207 (2d Cir. 1959) (per curiam); Carter v. Am. Exp. Isbrandtsen Lines, Inc., 411 F.2d 1185, 1186 (2d Cir. 1969) (per curiam).  In

4

determining that the general agent was not the Jones Act employer, the Supreme Court looked at "whose enterprise the operation of the vessel was." Cosmopolitan Shipping, 337 U.S. 783, 795.

Here, plaintiff does not contest that the United States Government had operational and administrative control of the USNS IMPECCABLE; instead, plaintiff contends that Maersk should be equitably estopped from claiming that it was not plaintiff's employer under the Jones Act because, *inter alia*, she was paid by Maersk, Maersk was listed as the employer in a document she received and various other documents are silent as to the relationship between Maersk, the United States Government and seamen aboard the vessel. (Pl.'s Mem. of Law in Opp. to Defs.' Mot. to Dismiss and/or Summ. J. at 3-5.) When viewed in light of the entirety of the undisputed facts and circumstances of plaintiff's employment, however, these facts do not present a genuine issue as to who plaintiff's employer was for Jones Act purposes.

As the Supreme Court made clear in Cosmopolitan Shipping, "[s]uch words as employer, agent, independent contractor are not decisive" in determining what entity is the "employer" under the Jones Act. Cosmopolitan Shipping, 337 U.S. at 795. Likewise, the authority to hire and pay a seaman is not determinative of which entity is the Jones Act employer. See e.g., Crown Centr.

Petroleum Corp. v. Cosmopolitan Shipping Co, Inc., 602 F.2d 474, 477 (2d Cir. 1979). Rather, "[o]ne must look at the venture as a whole." Cosmopolitan Shipping, 337 U.S. at 795.

There is no dispute of material fact that, when looking at the venture as a whole, the United States Government, and not Maersk, is plaintiff's Jones Act employer: the ship is a public vessel owned by the United States government (Fenning Decl. Ex. A at 18); the ship's mission is to support the United States Navy (id.); the United States has operational and tactical control of the ship, which includes control of the ship's movements (id. at 19); the name of the ship, while not dispositive of the vessel's ownership, see Arthur v. Maersk Line, Limited, 434 F.3d 196, 199 n.2 (3d Cir. 2006), contains "USNS" (i.e., United States Naval Ship); and, like the general agent in Cosmopolitan Shipping, Maersk's duties are "expressly and intentionally limited" by the General Agency Agreement to, among other things, "provide personnel, operational and technical support" (Fenning Decl. Ex. A. at 18).

The undisputed facts and circumstances also make any reliance by plaintiff on actions by Maersk that led her to believe that Maersk was her employer for Jones Act purposes unreasonable--there is no material dispute that plaintiff "had the means by which with reasonable diligence [s]he could acquire the knowledge of the truth." In re Worldcom, Inc., 364 B.R.

6

538, 548 (S.D.N.Y. 2007) (internal quotation marks and alterations omitted).   Here, under the Jones Act, Maersk was not plaintiff's employer.   Accordingly, Maersk's motion for summary judgment is GRANTED.[1]

CONCLUSION

For the aforementioned reasons, defendant's motion for summary judgment is GRANTED.

The Clerk of Court is directed to terminate the motion at Docket No. 8 and close this action.

SO ORDERED:

Dated:      New York, New York
            April 17, 2012

                              $\kappa$— B. Forrest
            _____
                    KATHERINE B. FORREST
                  United States District Judge

---

[1] Plaintiff did not move for leave to file an amended complaint to add the United States Government as a party and thus that issue is not before the Court.   Nonetheless, the Court notes that such a motion would have most likely failed because an action brought against the United States Government, even if it were to relate back to the filing of this action, would be time barred.   See 46 U.S.C. § 30905 (providing a two year statute of limitations for claims against the United States brought pursuant to the Suits in Admiralty Act, 46 U.S.C. §§ 30901 et seq., and/or the Public Vessels Act, 46 U.S.C. §§ 31101 et seq.).   Plaintiff alleges that she sustained her injuries on or about May 25, 2009; she brought this action on October 28, 2011 (i.e., over two years after her alleged injuries).